**BARTELL, Appellant, v. BROOKS, Admr., Appellee.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 21886.   Decided July 17, 1950.

Bernsteen & Bernsteen, Jos S. Kreinberg, Cleveland, for appellant.
Richard E. McMonagle, Cleveland, for appellee.

(HUNSICKER, PJ, DOYLE, J, of 9th District; FESS, J, of 6th District sitting by designation in 8th District.)

**OPINION**

By HUNSICKER, PJ.

In this appeal on questions of law, the plaintiff (appellant) Florence Bartell, claims that: she loaned one Curtis F. Brooks, now deceased, $2200.00 to be used by said defendant to purchase an automobile; the title to said automobile was to remain in the name of the decedent until a mortgage for the balance of the purchase price was paid, at which time decedent was to deliver the automobile and title thereto to her; Curtis F. Brooks died before the transfer of the title to said automobile to Florence Bartell; she presented her claim for $2200 (or, in lieu thereof, the automobile) to the appellee

administrator of the estate of Curtis F. Brooks, who rejected said claim. Florence Bartell prayed for a judgment against decedent's estate for the claimed loan of $2200.00.

The defendant (appellee) administrator of the estate of Curtis F. Brooks, deceased, admitted that: the decedent owned, at the time of his death, an automobile; Florence Bartell filed her claim against said estate for $2200.00, or delivery of said automobile; he rejected the claim. The other allegations of the petition were denied.

In reality, the petition sought only a judgment for a claimed loan of $2200.00 made by Florence Bartell to Curtis F. Brooks, deceased, on or about January 5, 1948.

The case was tried to the court, a jury having been waived by the parties. At the trial in the common pleas court, only one witness, an Arlene Murphy, gave testimony for the purpose of establishing the claim of Florence Bartell; at the conclusion of which, plaintiff rested her case. Thereupon, defendant by oral motion, asked that plaintiff's petition be dismissed. This motion, the court stated, would be held "under advisement" and the court requested the defendant to "go forward with their testimony." Testimony was then presented in behalf of defendant. At the conclusion of all the testimony and the arguments of counsel, the court said:

"At this time the case will be marked 'heard and submitted' 'taken under advisement.' Motion renewed by the defendant for verdict at the end of the plaintiff's case."

Thereafter, the following judgment was entered by the court:

"Jury waived. On trial, at close of plaintiff's evidence, motion for a directed verdict for defendant is granted, and judgment is rendered in favor of defendant and against the plaintiff and for costs, to all of which plaintiff excepts."

An appeal on questions of law from such judgment is before this court.

It is to be noted that a judgment was given upon the evidence presented at the conclusion of plaintiff's case, and not upon the entire evidence presented to the court.

The plaintiff's evidence established the fact that she had given to the decedent $2200 in an envelope and, at the time of such delivery, plaintiff said "Here is my money" to which the defendant replied, as he took it, "all right." Testimony was also given as to the claimed purpose for which the money was delivered.

We conclude that, at the conclusion of the testimony for the plaintiff, a prima facie case was established in her behalf for money had and received by the decedent.

The purpose, according to the testimony adduced, for which the money was advanced, was not fulfilled, and the defendant then had the burden of going forward with his case to controvert the claims of the plaintiff; and there being no testimony in behalf of the defendant, such evidence of the plaintiff stood uncontradicted. ·

The trial court, in directing a verdict at the conclusion of plaintiff's case, committed error prejudicial to the substantial rights of the plaintiff.

The judgment is reversed and the cause remanded to the trial court for further proceedings.

DOYLE, J, FESS, J, concur.